**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SON T. NGUYEN and HANH T. NGUYEN, | No.    14-15268 |
| Plaintiffs-Appellants, | D.C. No. 5:12-cv-04183-PSG |
| v. | MEMORANDUM[*] |
| J.P. MORGAN CHASE BANK, N.A., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Submitted October 6, 2016[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and SCHROEDER and NGUYEN, Circuit
Judges.

Appellants Son and Hanh Nguyen (the "Nguyens") appeal the district

court's grant of Defendant's motion for summary judgment, which we review de

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Mitchell v. Washington*, 818 F.3d 436, 441 (9th Cir. 2016). Because the parties are familiar with the factual and procedural history, we need not recount it here. We have jurisdiction over this case pursuant to 28 U.S.C. § 1291, and we affirm.

We deferred submission of this case pending a decision of the California Supreme Court in *Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845 (Cal. 2016). The Court has now issued its opinion, in which it held in relevant part that a borrower subject to a nonjudicial foreclosure has standing to sue on the basis of a void assignment regardless of whether the borrower was in default on the loan, but a borrower may not "attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." *Id*. at 848. This case involves the attempted preemption of a threatened nonjudicial foreclosure; therefore, under *Yvanova,* the Nguyens lack standing. Accordingly, the defendant is entitled to judgment as a matter of law. *See McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009) (noting that summary judgment may be sustained "on the basis of any ground supported by the record").

**AFFIRMED.**