NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LLOYD L. OUTTEN, Jr., an individual, | No. 13-57173 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-04624-DSF-PJW |
| v. | |
| BANK OF NEW YORK MELLON CORP., FKA The Bank of New York, As Trustee for The Certificateholders of The CWABS, Inc., Asset Backed Certificates, Series 2007-3; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 26, 2017**

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Lloyd L. Outten, Jr., appeals pro se from the district court's judgment

dismissing his diversity action alleging state law claims related to the foreclosure

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of his property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

a district court's dismissal for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We

affirm.

The district court properly dismissed Outten's action because Outten failed

to allege facts sufficient to state a plausible quiet title claim.  *See Lueras v. BAC

Home Loans Servicing, LP*,  163 Cal. Rptr. 3d 804, 835 (Ct. App. 2013) (a

borrower cannot quiet title without first discharging the outstanding debt secured

by a deed of trust); *see also Siliga v. Mortg. Elec. Registration Sys., Inc.*, 161 Cal.

Rptr. 3d 500, 507 (Ct. App. 2013), *disapproved of in part on other grounds

by Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016) ("California

courts have held that a trustor who agreed under the terms of the deed of trust that

MERS, as the lender's nominee, has the authority to exercise all of the rights and

interests of the lender . . . is precluded from maintaining a cause of action based on

the allegation that MERS has no authority to exercise those rights.").

The district court did not abuse its discretion in dismissing Outten's action

without granting further leave to amend because further amendment would be

futile.  *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th

2

Cir. 1989) (setting forth standard of review and explaining that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

The district court did not abuse its discretion in granting defendants' request for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (setting forth standard of review).

The Bank of New York Mellon's request for judicial notice (Docket Entry No. 22) is granted.

**AFFIRMED.**

13-57173