
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ALLANA BARONI,<br><br>        Debtor,<br>_____<br><br>ALLANA BARONI,<br><br>        Appellant,<br><br>  v.<br><br>THE BANK OF NEW YORK MELLON,<br>FKA The Bank of New York, As<br>Successor Trustee of JPMorgan Chase<br>Bank, N.A. as Trustee for the Holders of<br>Sami II Trust 2006-AR6 Mortgage Pass<br>through Certificates, Series 2006-AR6,<br><br>        Appellee. | No.   16-56617<br><br>D.C. No. 2:16-cv-01493-SVW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 6, 2018[]
San Francisco, California

Before: THOMAS, Chief Judge, and D.W. NELSON and CHRISTEN, Circuit Judges.

Allana Baroni ("Baroni") appeals the district court's order affirming the bankruptcy court's grant of summary judgment in favor of The Bank of New York Mellon (formerly known as "The Bank of New York") ("BNYM"). We have jurisdiction under 28 U.S.C. § 1291, and we **affirm**.

1. Baroni's note secured by a deed of trust is a "negotiable instrument" under Cal. Com. Code § 3104(a). *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 927 (2016) (citing *Creative Ventures, LLC v. Jim Ward & Assocs.*, 195 Cal. App. 4th 1430, 1445–46 (2011) (applying Commercial Code to promissory note)). That the principal on her note may increase if she fails to pay interest does not render the note non-negotiable. Regardless of any "interest" or additional "charges," Baroni agreed to pay at the very least $1.248 million—a "fixed amount of money" pursuant § 3104(a).

2. The undisputed evidence establishes BNYM possesses Baroni's promissory note indorsed in blank. As the "holder of the instrument," BNYM may

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"enforce" it in this bankruptcy action. §§ 1201(b)(21)(A), 3301 (internal quotation marks omitted); *see also In re Veal*, 450 B.R. 897, 910–11, 917 (B.A.P. 9th Cir. 2011) (citations and internal quotation marks omitted); *In re Smith*, 509 B.R. 260, 266–67 (Bankr. N.D. Cal. 2014) (citations omitted).

**AFFIRMED.**