FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHELLE LANDER,

           Plaintiff - Appellant,

   v.

BANK OF AMERICA CORPORATION,
a Delaware corporation,

           Defendant - Appellee.

No. 12-55674

D.C. No. 2:11-cv-08613-GHK-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

    Michelle Lander appeals pro se from the district court's judgment dismissing

her diversity action alleging a quiet title claim. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion a district court's decision to

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

dismiss without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm.

The district court did not abuse its discretion by dismissing without leave to amend because the deficiencies identified by the district court in Lander's quiet title claim could not be cured by amendment. *See Weilburg v. Shapiro*, 488 F.3d 1202, 2015 (9th Cir. 2007) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); *see also Lueras v. BAC Home Loans Servicing, LP,* 163 Cal. Rptr. 3d 804, 835 (2013) ("A borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based."); *Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal. Rptr. 3d 467, 479-80 (2011), *disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.*, — P.3d — (Cal. 2016) (rejecting argument that MERS lacked the authority to assign a promissory note because it was merely a nominee of the lender and had no interest in the note).

Bank of America Corporation's motion to strike a portion of Lander's reply brief is denied.

**AFFIRMED**.