Filed 6/8/16  Flannigan v. Onuldo, Inc. CA4/1
On remand from the Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

OPINION ON REMAND FROM THE CALIFORNIA SUPREME COURT

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| KAROLYN FLANNIGAN, | D067447 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. RIC1304784) |
| ONULDO, INC. et al., | |
| Defendants and Respondents. | |


APPEAL from judgments of the Superior Court of Riverside County, Edward D. Webster and Richard J. Oberholzer,* Judges.  Reversed.


Law Offices of Anthony N. Ehiemenonye and Anthony N. Ehiemenonye for Plaintiff and Appellant.

---

*       Retired judge of the Kern Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Law Offices of Mary Jean Pedneau, Mary Jean Pedneau, William R. Larr and Susan S. Vignale for Defendants and Respondents Juan Moreno and Guillermina Moreno.

AlvaradoSmith, John M. Sorich, S. Christopher Yoo and Thomas S. Van for Defendants and Respondents JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC, California Reconveyance Company, Mortgage Electronic Registration Systems, Inc., and US Bank National Association, as trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMCS, Asset Backed Pass-Through Certificates, Series 2006-WMC2.

Plaintiff and appellant Karolyn Flannigan (plaintiff) in her third amended verified complaint (TAC) alleged, inter alia, that the nonjudicial sale of her real property was invalid because the assignments of the note and deed of trust securing the property, and/or a substitution of a trustee under the deed of trust, lacked proper authorization. Plaintiff sought rescission of the foreclosure sale, damages of at least $600,000 and other relief.

As relevant in this appeal, defendants and respondents (i) Onuldo, Inc. (Onuldo), the purchaser of the real property at foreclosure; (ii) Juan Moreno and Guillermina Moreno (collectively the Morenos), the homeowners who subsequently purchased the real property from Onuldo after the court granted Onuldo's motion to quash the lis pendens plaintiff recorded on said property; and (iii) various other entities involved in the assignment of the deed of trust securing the loan, including JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC, California

2

Reconveyance Company, Mortgage Electronic Registration Systems, Inc. (MERS)[1] and US Bank National Association, as trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMCS, Asset Backed Pass-Through Certificates, Series 2006-WMC2 (sometimes collectively defendant entities), separately demurred.

The trial court sustained all the demurrers to the TAC without leave to amend.  In so doing, the court expressly stated at the demurrer hearings that it was following *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 (*Jenkins*) and not *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*), on which plaintiff relied.  As opposed to *Glaski*, the court in *Jenkins* concluded as a matter of law that a defaulting borrower's allegations of impropriety in the assignment of a note and deed of trust were not actionable because, as a third party unrelated to the assignment, the borrower was unaffected by such alleged improprieties and, thus, lacked standing to enforce the terms of the agreement(s) that allegedly were violated.  (*Jenkins*, at p. 515.)

In our unpublished opinion of *Flannigan v. Onuldo, Inc. et al*. (July 29, 2015, D067447), we affirmed the judgments for defendants.  Although we briefly discussed other potential grounds to support affirmance, the primary basis was our view that

[1]    " 'MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans.  Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices.  The lenders retain the promissory notes, as well as the servicing rights to the mortgages.  The lenders can then sell these interests to investors without having to record the transaction in the public record.  MERS is compensated for its services through fees charged to participating MERS members.' [Citation.]  'A side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system.' [Citation.]" (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1151.)

3

*Jenkins* and other authority, including *Silga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75 (*Silga*), *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495 (*Herrera*) and *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256 (*Fontenot*), correctly concluded that a defaulting borrower such as plaintiff lacked standing to challenge an alleged invalid assignment of a note and deed of trust between third parties.

On October 28, 2015, our high court granted plaintiff's petition for review but deferred briefing pending its consideration and disposition of the following issue in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*): "In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?"

On February 18, 2016, our high court in *Yvanova* resolved the split between the Courts of Appeal when it held a borrower has standing to challenge the validity of a preforeclosure assignment of a note and deed of trust as void, as opposed to merely voidable. (*Yvanova*, *supra*, 62 Cal.4th at p. 924.) As a result, our high court on April 27, 2016 transferred plaintiff's case to this court with directions to vacate our 2015 opinion and to reconsider the cause in light of *Yvanova*.

As directed, we now vacate our 2015 opinion. However, as we explain, in light of *Yvanova* we conclude the matter must be remanded to the trial court. Reversed.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff in July 2005 purchased a home located in Moreno Valley, California. After refinancing the property, plaintiff defaulted on the loan. The record shows the note

4

and deed of trust securing the property was assigned in March 2007, March 2012 and September 2012. In addition, there were at least two substitutions of trustees under the deed of trust.

The property was sold at nonjudicial foreclosure in February 2013, with Onuldo being the highest bidder. Onuldo in April 2013 initiated an unlawful detainer action against plaintiff. Judgment for possession only was awarded in favor of Onuldo. Thereafter, Onuldo expunged the lis pendens plaintiff had recorded on the property and sold it to the Morenos.

As noted, defendants separately demurred to plaintiff's TAC, which at its core alleged the deed of trust securing the refinanced loan was wrongfully foreclosed. Of the 11 causes of action asserted in the TAC,[2] the Morenos were only named as defendants in the first cause of action for quiet title. The Morenos in their demurrer contended the TAC failed as a matter of law to state a quiet title action because, among other reasons, the court previously had found that Onuldo was a bona fide purchaser and thus acquired valid title to the property. In connection with their demurrer and supporting papers, the Morenos requested the court judicially notice the court's June 17, 2013 order granting Onuldo's motion to expunge the lis pendens recorded by plaintiff.

With respect to Onuldo, its demurrer alleged it was named only in the first, fourth, sixth, seventh and tenth causes of action for quiet title, fraudulent assignments and conveyances, the setting aside of trustee's sale and trustee's deed upon sale, wrongful

---

[2]     The record shows the TAC's caption page lists 12 causes of action, but the TAC itself only alleges 11 causes of action.

5

institution of unlawful detainer action and disgorgement, respectively.[3] Onuldo in its demurrer further alleged that its "sole relationship" to the property was that it allegedly was a bona fide purchaser for value after it acquired the property at a trustee's sale conducted pursuant to a power of sale in the deed of trust, as the trial court found in its June 17 order expunging the lis pendens. Onuldo also alleged that plaintiff did not, nor could she, allege that she ever tendered payment of the sums sufficient to reinstate the underlying note secured by the deed of trust and that plaintiff sought to evade the requirement she do so by contending the trustee's sale was void.

Finally, with respect to the defendant entities, they demurred to all causes of action (except the seventh for wrongful institution of the unlawful detainer action, which was asserted against the Morenos and Onuldo).[4] In support of their demurrer, these defendants alleged among other things that plaintiff as a matter of law lacked standing to challenge the authorization to proceed with foreclosure.

On November 26, 2013, the trial court sustained Onuldo's demurrer to the TAC without leave to amend. On December 20, 2013, the court also sustained without leave to amend the demurrers of the Morenos and the defendant entities. In so doing, the record

---

[3] Although Onuldo contended the TAC only asserted these causes of action against it, we note this defendant was also named in the ninth cause of action for breach of the implied covenant of good faith and fair dealing and in the eleventh cause of action for slander of title. Nonetheless, the record shows the court sustained the demurrer of Onuldo with respect to *all* causes of action.

[4] The second, third, fifth, eighth, ninth and eleventh causes of action set forth in the TAC alleged causes of action for rescinding the deed of trust based on fraud, voiding all contracts, wrongful foreclosure, negligent accounting, breach of the implied covenant of good faith and fair dealing and slander of title, respectively.

shows the court at these two demurrer hearings[5] relied primarily, if not exclusively, on *Jenkins* and similar authority, which as noted, was subsequently disapproved in *Yvanova*. Judgments were subsequently entered and this appeal ensued.

DISCUSSION

A. *Threshold Contentions*

Plaintiff initially contends this court should not consider the respondent's brief filed by the defendant entities because it allegedly was late. Previously, we rejected this contention. (See Cal. Rules of Court, rule 8.220(a).) However, because of the remand, this issue is moot.

Plaintiff next contends the trial court erred in taking off calendar plaintiff's motions to deem requests for admissions (RFA's) admitted because, although certain defendants allegedly provided timely responses to the RFA's, the verifications accompanying said responses allegedly were untimely. Although we previously rejected

---

5       In contrast to the reporter's transcript of the hearings, the written record is bereft of the reason or reasons the court sustained the demurrers to the TAC without leave to amend. For example, the order sustaining the demurrer of the defendant entities merely provided that "[a]fter full consideration of the papers regarding the demurrer filed by [these] parties, [¶] **IT IS ORDERED, ADJUDGED AND DECREED** that [¶] 1. Defendant [Entities'] Demurrer to Plaintiff's [TAC] is sustained without leave to amend in its entirety; [¶] 2. Plaintiff's [TAC] is dismissed with prejudice as to [these] moving Defendants[; and] 3. Hearings of February 10, 2014 are ordered off calendar." It does not appear the order sustaining the Morenos' demurrer was even included in the record, although the notice of ruling submitted by the Morenos stated: "[u]pon consideration of all moving and responding papers and oral argument of counsel, the ruling of the Court is that the demurrer of Defendants Juan Moreno and Guillermina Moreno is sustained without leave to amend." Finally, the order sustaining Onuldo's demurrer was included in the record, but, like the order sustaining the demurrer of the defendant entities, it too provided no reason or reasons for the court's decision.

7

this contention, because our earlier opinion is vacated and the matter is being remanded, this issue should be resolved by the trial court and *not* this court.

B. *Primary Contention*

As noted, the primary issue in this case when it initially came to this court was whether plaintiff had standing to challenge the assignments of the note and deed of the trust and/or the substitution of trustee under the deed of trust.[6] As further noted, plaintiff on the one hand argued *Glaski* applied, and, thus, she had standing to challenge as void one or more of the assignments and/or the substitution of trustee. Defendants, on the other hand, argued *Jenkins* and similar authority governed the issue. As such, defendants argued plaintiff as a matter of law lacked standing because, as a third party unrelated to the assignments and/or substitution of trustee, she was unaffected by any such alleged deficiencies. We agreed with defendants and affirmed the judgments.

Finally, as noted, our high court in *Yvanova* concluded that *Glaski* "was correct to hold a wrongful foreclosure plaintiff has standing to claim the foreclosing entity's purported authority to order a trustee's sale was based on a void assignment of the note and deed of trust." (*Yvanova*, *supra*, 62 Cal.4th at p. 939.) Our high court also concluded that "*Jenkins* . . . spoke too broadly in holding a borrower lacks standing to challenge an assignment of the note and deed of trust to which the borrower was neither a party nor a third party beneficiary. *Jenkins's* rule may hold as to claimed defects that would make

---

6     Indeed, the brief of the defendant entities argued the instant appeal was "primarily based on arguments that have been repeatedly rejected by various state and federal courts in California"; and that of the 10 causes of action alleged against them, "six of the claims are based on challenges to [the defendant entities'] authority to commence and complete non-judicial foreclosure."

8

the assignment merely voidable, but not as to alleged defects rendering the assignment absolutely void." (*Ibid.*) The *Yvanova* court thus expressly disapproved of *Jenkins*, *Silga*, *Herrera*, and *Fontenot* "to the extent they held borrowers lack standing to challenge an assignment of the deed of trust as void." (*Id.* at p. 939, fn. 13.)

In transferring the matter back to this court following *Yvanova*, our high court directed us to vacate our July 29, 2015 opinion and reconsider the cause. However, in reconsidering the matter in light of *Yvanova*, we conclude the better approach is to remand to the trial court.

In this way, the trial court can decide various issues it did not previously reach, including those arising as a result of the *Yvanova* decision, including, *by way of example only*,[7] whether plaintiff's TAC alleges sufficient facts to show the assignments of the note and deed of trust, and/or the substitution of trustee, were defective; if so, whether plaintiff has alleged sufficient facts in her TAC to show the alleged defect or defects render the assignments and/or substitution void, as opposed merely to voidable; whether the demurrers should be sustained on grounds other than standing; and perhaps most importantly, whether the plaintiff is entitled leave to amend her TAC *if* one or more of the demurrers are sustained, including -- in light of *Yvanova* -- on the basis of lack of standing. For clarity, we note the trial court may request further briefing from the parties, and/or take whatever steps *it* deems necessary, in ruling on or in connection with the demurrers.

---

7    We say *by way of example only* because we express no view whatsoever regarding the issues to be resolved on remand and/or whether any of defendants' demurrers should be sustained on *any* ground, including any formerly discussed in our now *vacated* opinion.

9

DISPOSITION

Our unpublished July 29, 2015 opinion of *Flannigan v. Onuldo, Inc. et al* (D067447) is vacated.  The orders sustaining the demurrers and the judgments entered thereon are reversed.  All parties to bear their own costs of appeal.


BENKE, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.