NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JANE M. SOTANSKI,

               Plaintiff-Appellant,

   v.

HSBC BANK USA, NA, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4; RTS PACIFIC, INC.,

               Defendants-Appellees.

No. 15-16798

D.C. No. 5:15-cv-01489-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

     Jane M. Sotanski appeals pro se from the district court's order dismissing

her action alleging Truth in Lending Act ("TILA") and state law claims. We have

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed as time-barred Sotanski's TILA claim for rescission because Sotanski did not deliver a notice of rescission within three years of consummation of the loan. *See* 15 U.S.C. § 1635(f) (imposing three-year period to exercise right of rescission under TILA); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (a borrower exercises her right of rescission by notifying the creditor of intent to rescind within three years after the transaction is consummated). The district court properly dismissed Sotanski's wrongful foreclosure claim because Sotanski's claim was contingent on her TILA claim not being time barred. *See Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 850 (Cal. 2016) (explaining that the beneficial holder of a deed of trust can initiate nonjudicial foreclosure proceedings under Cal. Civ. Code § 2924).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**