NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD P. DAGRES,

Plaintiff-Appellant,

v.

COUNTRYWIDE BANK, N.A., succeeded by merger with BAC Home Loan Servicing, LP; et al.,

Defendants-Appellees.

No.    14-56799

D.C. No. 2:14-cv-01339-CAS-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Richard P. Dagres appeals pro se from the district court's judgment

dismissing his federal and state law claims arising from foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Dagres' securitization related state law claims because California law does not permit Dagres to bring a preemptive suit to challenge defendants' authority to foreclosure. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. Rptr. 3d 819, 823-24 (Ct. App. 2011). Each of Dagres' arguments for why defendants lack authority to foreclose have been rejected by the California courts. *See, e.g.*, *Saterbak v. JP Morgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-96 (Ct. App. 2016) (borrowers lack standing to challenge assignments of loans into a securitized trust); *Siliga v. Mortg. Elect. Registration Syst., Inc.*, 161 Cal. Rptr. 3d 500, 506 (Ct. App. 2013) ("California courts have held that a trustor who agreed under the terms of the deed of trust that [electronic database provider Mortgage Electronic Registration Systems, Inc.], as the lender's nominee, has the authority to exercise all of the rights and interests of the lender . . . is precluded from maintaining a cause of action based on the allegation that MERS has no authority to exercise those rights."), *abrogated in part by Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016).

We do not consider arguments not specifically and distinctly raised and

argued in the opening brief, or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**