**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIALUZ A. BANARES, | No. 15-15419 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-04896-VC |
| v. | |
| WELLS FARGO BANK, NA; HSBC BANK USA, N.A., as Trustee for Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-8, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and GARBIS,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

Appellant Marialuz Banares obtained a home loan secured by a deed of trust from Appellee Wells Fargo Bank, N.A ("Wells Fargo"). Through a series of assignments, Wells Fargo sold the loan to a securitized trust, for which Appellee HSBC Bank USA ("HSBC") served as trustee. Banares defaulted on the loan and, before a scheduled foreclosure sale, filed this lawsuit against Wells Fargo and HSBC. The district court dismissed the case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Banares did not state a claim for wrongful foreclosure. *See* Fed. R. Civ. P. 12(b)(6). Banares alleges that three assignments of her loan were defective: (1) the assignment on or before June 28, 2007 from Wells Fargo to the special purpose vehicle Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates 2007-8 ("WFASC"); (2) the assignment on or before June 28, 2007 from WFASC to HSBC; and (3) the assignment on March 26, 2013, from Wells Fargo to HSBC. Because the three assignments all involved the same loan, the third assignment, if valid, would have cured any defect from the first two. If Banares did not properly allege that the third assignment was defective, then her wrongful foreclosure claim fails.

Banares is unable to assert a claim for wrongful foreclosure over the third assignment. When the parties briefed this appeal, the California Courts of Appeal

2

were split over the circumstances under which a borrower could assert wrongful foreclosure to challenge a defective assignment of the borrower's loan. *Compare Jenkins v. JP Morgan Chase Bank, Nat'l Ass'n*, 216 Cal. App. 4th 497, 511–13 (2013); *with Glaski v. Bank of Am., N.A.*, 218 Cal. App. 4th 1079, 1098–99 (2013). After the parties' briefing, the California Supreme Court clarified its law, in part. In *Yvanova v. New Century Mortg. Corp.*, the California Supreme Court held that a wrongful foreclosure plaintiff may, after a foreclosure sale has taken place, challenge an assignment to the foreclosing entity if the assignment was void. 62 Cal. 4th 919, 935 (2016). But the court explicitly left open whether an assignment like the alleged third assignment here—one into a New York securitized trust in violation of the trust's governing agreement—would be void or voidable. *Id.* at 931. The California Supreme Court held that if merely voidable, the assignment would not give rise to a claim for wrongful foreclosure. *Id.* at 936.

New York's highest court has not addressed whether an assignment into a New York securitized trust in violation of the trust's terms is voidable or void. But the Second Circuit has concluded that the weight of New York authority holds that it is voidable. *See Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 88–89 (2d Cir. 2014) (collecting cases); *see also United States v. Rivera-Ramos*, 578 F.3d 1111, 1113 (9th Cir. 2009) ("In the absence of compelling reasons, we would not

3

create a circuit split with the circuit that encompasses New York regarding the meaning of New York law.").  As Banares has not alleged facts showing that the third assignment was void rather than voidable, or that the parties to the third assignment took steps to avoid it, her claim for wrongful foreclosure fails.  Because Banares's claim fails in any event, we need not reach, and decline to address, whether California law permits preemptive wrongful foreclosure actions after *Yvanova.*

**2.**  Banares did not state a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*  While Wells Fargo's failure to answer Banares's Qualified Written Request ("QWR") may have violated 12 U.S.C. § 2605(e), Banares did not sufficiently plead damages arising from that violation.  If Wells Fargo had responded to Banares's QWR with more information about the ownership of her loan, Banares would still have been in default and subject to foreclosure.  *See Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1014 (N.D. Cal. 2012).

**3.**  Banares's claims for fraud and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, similarly fail because she insufficiently alleged damages.  Again, her harm did not arise from one party

4

owning the loan rather than another. *See Jenkins*, 216 Cal. App. 4th at 522–23, *overruled on other grounds by Yvanova*, 62 Cal. 4th 919.

4.  Banares did not state a claim for quiet title because she has not tendered her outstanding loan balance. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86 (2013).

5.  Banares did not state a claim for unjust enrichment because the retention of loan payments by HSBC, the alleged invalid beneficiary, would not have unjustly enriched HSBC at the expense of Banares, but rather at the expense of the true beneficiary. *See Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996).

6.  Banares's claim for violation of California Civil Code § 2934a fails because she has not plausibly alleged that HSBC is not the true beneficiary. Because the assignment from Wells Fargo to HSBC was voidable—not void—and has not been avoided, it was valid and cured any defects from the first two assignments.

7.  Banares's claim for slander of title fails because she did not argue it in her opening brief. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010).

8.  The district court did not abuse its discretion in denying leave to amend. *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087–88 (9th Cir. 2002).

After a previous opportunity to amend, Banares "filed a virtually identical complaint." The few allegations Banares added did not claim any new damages unrelated to her outstanding loan balance or the consequences of foreclosure. Further amendment would be futile.

**AFFIRMED**.