**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  ALLANA BARONI,<br><br>Debtor,<br>_____<br><br>ALLANA BARONI,<br><br>Appellant,<br><br>v.<br><br>CIT BANK N.A., FKA OneWest Bank FSB, FKA OneWest Bank NA,<br><br>Appellee. | No.    16-56618<br><br>D.C. No. 2:16-cv-00829-SVW<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 6, 2018**
San Francisco, California

Before:  THOMAS, Chief Judge, and D.W. NELSON and CHRISTEN, Circuit
Judges.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Allana Baroni ("Baroni") appeals the district court's order affirming the bankruptcy court's summary judgment rulings in favor of CIT Bank, N.A. (formerly known as "OneWest Bank N.A.") ("OneWest"). We have jurisdiction under 28 U.S.C. § 1291, and we **affirm**.

1. Baroni's note secured by a deed of trust is a "negotiable instrument" under Cal. Com. Code § 3104(a). *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 927 (2016) (citing *Creative Ventures, LLC v. Jim Ward & Assocs.*, 195 Cal. App. 4th 1430, 1445–46 (2011) (applying Commercial Code to promissory note)). That the principal on her note may increase if she fails to pay interest does not render the note non-negotiable. Regardless of any "interest" or additional "charges," Baroni agreed to pay at the very least $1.61 million—a "fixed amount of money" pursuant § 3104(a).

2. The undisputed evidence establishes OneWest possesses Baroni's promissory note indorsed in blank. As the "holder of the instrument," OneWest may "enforce" it in this bankruptcy action. §§ 1201(b)(21)(A), 3301 (internal quotation marks omitted); *see also In re Veal*, 450 B.R. 897, 910–11, 917 (B.A.P. 9th Cir. 2011) (citations and internal quotation marks omitted); *In re Smith*, 509 B.R. 260, 266–67 (Bankr. N.D. Cal. 2014) (citations omitted).

3. The undisputed evidence further establishes OneWest kept Baroni's note and the allonges executed pursuant to it in the same folder. As the allonges were "sufficiently affixed" to the note, there is no triable issue of material fact as to whether OneWest may enforce it. *Veal*, 450 B.R. at 911 n.24 (citations omitted); *see also* § 3204(a).

**AFFIRMED.**