Filed 8/24/20  Zimmerman v. Wells Fargo Bank CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

LYNN BEHRENS
ZIMMERMAN,

    Plaintiff and Appellant,

v.

WELLS FARGO BANK, N.A.,

    Defendant and Respondent.

2d Civil No. B294935
(Super. Ct. No. 18CV01746)
(Santa Barbara County)

       This is an appeal from the sixth lawsuit involving the same parties (Lynn Behrens Zimmerman and Wells Fargo Bank, N.A.), the same property, the same loans, and the same foreclosure sale.  As in the previous lawsuits, Zimmerman sued Wells Fargo alleging several causes of action, including wrongful foreclosure.  The trial court sustained Wells Fargo's demurrer to the complaint without leave to amend, finding that the complaint was barred by res judicata.  It entered judgment in favor of Wells Fargo.  We affirm.

# FACTS AND PROCEDURAL HISTORY

In 2003, Zimmerman and another person purchased property with a loan obtained from Wells Fargo. In 2007, they obtained a second loan from Wells Fargo. The 2007 deed of trust named Zimmerman as co-borrower and trustor, and Wells Fargo as the beneficiary. In 2014, Zimmerman defaulted on the loan. One year later, the property was sold to Wells Fargo in a foreclosure sale.

*Prior Cases*

*Zimmerman 1*

In June 2015, Wells Fargo filed an unlawful detainer lawsuit against Zimmerman. (*Zimmerman 1*, Case No. 15CV01403.) The trial court entered a default judgment against Zimmerman in October 2015.

*Zimmerman 2*

In July 2015, Zimmerman filed a lawsuit against Wells Fargo in federal district court. (*Zimmerman 2*, Case No. CV-15-053320CAS-MRW.) She alleged 27 causes of action, including wrongful foreclosure. Zimmerman voluntarily dismissed the lawsuit in November 2015.

*Zimmerman 3*

One week after dismissing *Zimmerman 2*, Zimmerman filed a lawsuit against Wells Fargo in Santa Barbara County Superior Court. (*Zimmerman 3*, Case No. 15CV04112.) She alleged causes of action for wrongful foreclosure, unfair competition, intentional misrepresentation, negligent misrepresentation, elder abuse, unjust enrichment, and cancellation of instruments. She sought an order cancelling the documents related to the foreclosure.

In July 2016, Zimmerman voluntarily dismissed the lawsuit with prejudice. Two years later, she filed a motion to set aside the dismissal, which was denied.

*Zimmerman 4*

In February 2016, while *Zimmerman 3* was pending, Zimmerman filed another lawsuit against Wells Fargo in Santa Barbara County Superior Court. (*Zimmerman 4*, Case No. 16CV00796.) She alleged causes of action for cancellation of instruments (the 2003 deed of trust, 2007 deed of trust, and substitution of trustee) and declaratory relief. As in *Zimmerman 3*, she sought an order cancelling documents relating to the foreclosure. The trial court sustained a demurrer without leave to amend.

We affirmed the order on the grounds that the case alleged "a violation of the same primary right" and sought "the same remedy" as the *Zimmerman 3* case. (*Zimmerman v. Wells Fargo* (June 28, 2017, B275595) [nonpub. opn.].)

*Zimmerman 5*

In June 2016, Wells Fargo filed a lawsuit against Zimmerman in Santa Barbara County Superior Court. (*Zimmerman 5*, Case No. 16CV02773.) Wells Fargo alleged that Zimmerman "disparaged and slandered" Wells Fargo's title to the property by recording a "Notice of Intent to Preserve Interest" (Notice of Intent). Wells Fargo alleged causes of action for declaratory relief, cancellation of the Notice of Intent, and slander of title.

Zimmerman moved for leave to file a cross-complaint. In the proposed cross-complaint, she sought to allege the same causes of action she alleged in *Zimmerman 3* (i.e., wrongful foreclosure, unfair competition, intentional misrepresentation,

negligent misrepresentation, elder abuse, unjust enrichment and cancellation of instruments).[1]  The trial court denied the motion on the grounds that the cross-complaint was "barred by the doctrine of res judicata, given that it asserts the same causes of action arising from the same events and transaction as [*Zimmerman 3*] dismissed by Zimmerman with prejudice in July 2016."

Following a court trial, the court declared the Notice of Intent void and cancelled it, enjoined Zimmerman from recording documents that disparaged Wells Fargo's title, and awarded Wells Fargo damages of $61,704.

*Present Case*

Zimmerman filed this lawsuit against Wells Fargo in Santa Barbara County Superior Court in April 2018, while *Zimmerman 5* was pending.  The causes of action involve the same loan and deed of trust, and the gravamen of her complaint alleges wrongful foreclosure of the same property.  She alleges these causes of action:  (1) a violation of Garn St. Germain Act/RESPA, (2) breach of contract, (3) unfair practices (4) wrongful foreclosure, (6) violation of the Homeowner's Bills of Rights, (7) violation of Civil Code section 2934a, (8) cancellation of instruments, (9) false promises/fraud, (10) unfair competition, (11) false promises/fraud, and (12) intentional infliction of emotional distress.  She seeks compensatory and special damages ($8.5 million); punitive damages; an order "restoring ownership and title"; a "declaratory judgment finding that [Wells Fargo] did not have legally cognizable rights as to [Zimmerman], the Property, the [loan] tendered to an executed by [Zimmerman]."

---

[1] Respondent's request for judicial notice filed on February 13, 2020, is granted.

Wells Fargo demurred to the complaint on the grounds that Zimmerman's claims are (1) barred by res judicata, and (2) barred by the pending *Zimmerman 5* action.  Thereafter, the judgment in favor of Wells Fargo in *Zimmerman 5* became final.  The trial court sustained the demurrer without leave to amend.  It found the claims were barred by res judicata.  It said the "voluntary dismissal in *Zimmerman 3* effected a retraxit which barred [Zimmerman] from bringing in another action any other claims [*sic*] against Wells Fargo which [Zimmerman] actually brought or could have brought against Wells Fargo in *Zimmerman 3*.  The same claims are presented here and all arise out of the same transactions."

## DISCUSSION

Zimmerman contends the trial court erred when it sustained the demurrer without leave to amend because res judicata does not bar the complaint.  There was no error.

We review an order sustaining a demurrer de novo.  We accept the truth of material facts properly pled but not contentions, deductions, or conclusions of fact or law.  (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)  A demurrer should be sustained where the complaint fails to allege facts sufficient to state a cause of action, or discloses a defense that would bar recovery.  (Code Civ. Proc., § 430.10.)  We will affirm if the trial court's order is proper on any ground, "whether or not the court acted on that ground."  (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.)

Res judicata precludes litigation of a cause of action litigated in a prior proceeding if:  (1) "the parties in the present action or parties in privity with them were parties to the prior proceeding[;]" (2) "the prior proceeding resulted in a final

5

judgment on the merits;" and (3) "the present action is on the same cause of action as the prior proceeding." (*Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, 557 (*Bullock*).) Res judicata also precludes litigation of issues that could have been, but were not, litigated in a prior proceeding. (*Ibid.*)

The trial court correctly found that *Zimmerman 3* precludes this action because Zimmerman's claims were, or could have been, litigated in *Zimmerman 3*. First, Wells Fargo and Zimmerman were parties to the previous lawsuit. Second, Zimmerman voluntarily dismissed *Zimmerman 3* with prejudice, and a dismissal with prejudice is "equivalent of a final judgment on the merits" for res judicata purposes. (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 793, 804 [plaintiff was barred from litigating "the same primary right a second time," where the previous action was dismissed with prejudice].) Third, this action raises the same "cause of action" as in *Zimmerman 3*. A cause of action "consists of the plaintiff's primary right to be free from a particular injury, the defendant's corresponding duty and the defendant's wrongful act in breach of that duty. [Citation.] The violation of a primary right gives rise to only a single cause of action." (*Bullock*, *supra*, 198 Cal.App.4th at p. 557, citing *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904.)

This action alleges a violation of the same primary right—i.e., to be free from the foreclosure sale of the property. Zimmerman reasserts that Wells Fargo engaged in wrongful conduct when it serviced the loans and foreclosed on the property. She also seeks the same relief, including an order restoring her title and ownership of the property, "declaratory judgment finding that [Wells Fargo] did not have any legally cognizable rights as to [Zimmerman], the Property, [and] the alleged debt,"

6

and damages against Wells Fargo for alleged misconduct relating to the foreclosure.

Zimmerman contends the RESPA cause of action and a wrongful eviction claim[2] arose from different primary rights than those alleged in her previous lawsuits.  She argues that because the RESPA cause of action alleges a violation of a federal right, the cause of action "rests on a different primary right than the state common law tort remedies." (*Ivanoff v. Bank of America* (2017) 9 Cal.App.5th 719, 728-729; *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 955.)  With respect to the wrongful eviction claim, she alleges that the complaint "attacks how the eviction was carried out," which is a different primary right than a claim based on the validity of the foreclosure.  Res judicata precludes these claims because she could have raised them in an earlier action. (*Bullock*, *supra*, 198 Cal.App.4th at p. 557.)  The complaint states the alleged RESPA violation occurred before the foreclosure sale.  She therefore had the opportunity to raise this claim in *Zimmerman 3*.  The eviction occurred in January 2016.  She filed *Zimmerman 4* a month later, but she did not raise a wrongful eviction claim.  She is thus precluded from bringing these claims in this action.

---

[2] Zimmerman does not allege a separate cause of action for wrongful eviction.

## DISPOSITION

The judgment is affirmed.  Wells Fargo shall recover its costs on appeal.

NOT TO BE PUBLISHED.


                                  TANGEMAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

Law Office of Richard L. Antognini and Richard L. Antognini, for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, Edward D. Vogel and Karin Dougan Vogel, for Defendant and Respondent.