Filed 9/9/20  Inoue v. Bank of America CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MASAZUMI INOUE et al., <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> BANK OF AMERICA, N.A. et al., <br><br>     Defendants and Respondents. | A157649 <br><br> (San Francisco County <br> Super. Ct. No. CGC-18-568182) |

Facing a nonjudicial foreclosure, plaintiffs Masazumi Inoue, Mie Inoue, and Hitomi Inoue sued Bank of America, N.A. (BANA), Mortgage Electronic Registration Systems, Inc. (MERS), and U.S. Bank, N.A. (U.S. Bank) to quiet title to real property and cancel the foreclosure documents.[1]  They now appeal from the judgment entered after the trial court sustained defendants' demurrer to the First Amended Complaint (Complaint) without leave to amend.  Plaintiffs argue on appeal that their Complaint alleges facts sufficient to state causes of action for quiet title and cancellation of

_____

[1] Plaintiffs identify BANA more fully as "Bank of America, National Association, As Successor by Merger to LaSalle Bank, National Association As Trustee for the Morgan Stanley Mortgage Loan Trust 2006-6AR," and U.S. Bank as "U.S. Bank, National Association, as Successor Trustee to [BANA]."

1

instruments and that even if it does not they can amend their Complaint to satisfy the objections raised in the demurrer.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Allegations in the Complaint*

As reflected in documents incorporated by reference in the Complaint, in November 2005 Masazumi Inoue and Hitomi Inoue obtained a loan of $945,000, evidenced by a 20-year adjustable rate note and secured by a deed of trust (DOT) on the Property.[2]  The DOT identifies the lender as Preferred Financial Group, Inc. (Preferred) and the beneficiary as defendant MERS, which is described in the DOT as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."  Under the heading "Transfer of Rights in the Property" the DOT states, "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successor and assigns of MERS."  The DOT further provides, "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

---

[2] The address of the Property is 67-69 Blake Street, San Francisco, 94118.  Because the plaintiffs share a surname, we refer to them by their first names when it is necessary to distinguish among them.  According to the DOT, the borrowers and owners of the Property were Masazumi and Hitomi.  Mie has had an ownership interest in the Property since about December 2005.

According to the Complaint, at some point before May 2006, Preferred sold the Note and DOT into the Morgan Stanley Mortgage Loan Trust 2006-6AR, Mortgage Pass-Through Certificates, Series 2006-6AR (the Loan Trust) in a securitization transaction pursuant to a Pooling and Servicing Agreement (PSA).  Plaintiffs claim that because the PSA "requires that all rights to, and interest in, both a mortgage note and deed of trust be sold to the trust," the securitization "extinguished all right and title to, and interest in, the loan formerly held by Preferred and MERS, its nominal beneficiary."[3]

Plaintiffs allege that MERS must establish an agency relationship with its principal, that its agency relationship with Preferred ended when the loan was sold to the Loan Trust, and that "MERS is unable to establish an agency relationship with any purported noteholder of beneficiary of [plaintiffs'] loan other than Preferred" and therefore "MERS did not have the authority to act as 'Nominee' for any" other entity.

Accordingly, plaintiffs allege that MERS falsely held itself out as nominee for Preferred and its successors and assigns in 2011 when it purported to assign the DOT to BANA, the successor by merger to the trustee of the Loan Trust.  The theory underlying the Complaint is that since MERS had no interest in the DOT at the time of the purported transfer to BANA,

---

[3] In fact, the section of the PSA to which plaintiffs refer, available at www.sec.info.com/drjtj.um4.d.htm (as of Sept. 8, 2020), states that the Depositor (Morgan Stanley Capital I, Inc.) must convey its right, title and interest in the Note and DOT.  (§ 2.01(a), at p. 67.)  We find no indication that any rights pertaining to MERS, as nominee for Lender's successors and assigns, are extinguished.  (§ 2.01(a), at pp. 67-70.)  The PSA recognizes the existence of, and provides for the conveyance of, loans for which MERS acts "as mortgagee [i.e., beneficiary], solely as nominee for the originator of such Mortgage Loan and its successors and assigns."  (§ 1.01 at p. 41; § 2.01(a)(ii) at p. 68.)

3

the 2011 assignment to BANA, reflected in an Assignment of Deed of Trust that was recorded in June 2011, was void.

After the assignment to BANA, Wells Fargo (as servicing agent for BANA) recorded a Substitution of Trustee, substituting Quality Loan Service Corp. (Quality) as the trustee under the DOT authorized to conduct foreclosure proceedings. Quality recorded a Notice of Default and Election to Sell Under Deed of Trust, and then, in October 2011, recorded a Notice of Trustee's Sale, but the sale did not take place. Quality recorded a second Notice of Default and Election to Sell Under Deed of Trust in February 2012. Quality recorded Notices of Trustee Sale in May 2012, January 2014, January 2015, and, as reflected in a document submitted to the trial court by defendants with a request for judicial notice, in September 2018. Apparently, no sale has taken place.

In addition to alleging the 2011 assignment of the DOT to BANA, which underlies plaintiffs' causes of action, the Complaint alleges that "[s]ometime in 2018, BANA claims to have assigned any interest that it may have had in the [DOT] to U.S. Bank," and that this assignment was void, because BANA had no interest to assign. It is unclear whether plaintiffs allege that the purported assignment to U.S. Bank was made in 2018 or whether BANA informed plaintiffs of the assignment in 2018. A statement in plaintiffs' January 2019 opposition to defendants' demurrer about the assignment to U.S. Bank seems to support the latter interpretation: plaintiffs report that neither they nor defendants have a copy of the assignment, and that defendants "only have the Declaration of 'Specialized Loan Servicing, LLC' Cynthia Wallac, who states that it is so, *without attaching the Assignment, or even stating what date the Assignment was signed or recorded, if it was recorded.*" (Italics added.) The declaration does

4

not appear to be part of the record on appeal. In any event, plaintiffs do not contend that the Complaint states any cause of action with respect to the purported assignment to U.S. Bank.

B.    *Proceedings in the Trial Court*

Based on the facts summarized above, Plaintiffs attempt to state two claims in their Complaint: quiet title against U.S. Bank or BANA, and cancellation of instruments against U.S. Bank and MERS.

In the quiet title cause of action, plaintiffs seek a declaration that they hold title to the Property free and clear of all encumbrances. The details of the cause of action, however, are confusing. The heading in the Complaint states that the cause of action is alleged against U.S. Bank. Plaintiffs allege that in the 2012 Notice of Default, U.S. Bank falsely claims to hold the beneficial interest in the DOT. But in fact, the 2012 Notice of Default states that BANA holds beneficial interest. Most, but not all, of the other allegations under the heading for the quiet title cause of action refer to U.S. Bank, but the final statement under the heading is a prayer for judgment against BANA. As best we can understand it, this cause of action seeks to quiet title against whichever of those two entities claims to be the trustee for the Loan Trust. Plaintiffs allege that their title is superior to that of BANA or U.S. Bank because plaintiffs' title derives from the original loan documents (as to Masazumi and Hitomi) and a subsequent grant deed (as to Mie), while BANA's or U.S. Bank's derives from the purportedly void 2011 assignment.[4]

---

[4] As if there were not enough confusion, in their Complaint and their opening brief on appeal, plaintiffs state, "BANA is no longer a party of interest in this litigation and has been dismissed." We nevertheless regard BANA as a party for the following reasons: the register of actions submitted as part of the record on appeal gives no indication that BANA was dismissed; defendants' demurrer stated that no dismissal of BANA had been filed; the

In their cause of action for cancellation of documents, plaintiffs seek an order cancelling the 2011 Assignment of Deed of Trust, the 2011 Substitution of Trustee, and the 2012 Notice of Default.

Defendants demurred to the Complaint, and the trial court sustained the demurrer without leave to amend on several grounds, including a lack of standing.

## DISCUSSION

A.   *Applicable Law and Standard of Review*

In reviewing a judgment that dismisses a complaint after a demurrer has been sustained without leave to amend, we determine independently whether the complaint alleges facts sufficient to state a cause of action, assuming the truth of properly pleaded or implied factual allegations in the complaint.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)  We consider judicially noticed matters, and we give the complaint a reasonable interpretation, reading it in context.  (*Ibid.*)  "We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law."  (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)  If the complaint states a cause of action under any theory, "that aspect of the complaint is good against a demurrer."  (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 38.)  Although our review of a demurrer is de novo, "it is limited to issues which have been adequately raised and supported in [Appellants'] brief."  (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 [discussing de novo review of summary judgment].)

---

trial court judgment names BANA as a defendant; and BANA regards itself as a party to this appeal, as reflected in the respondents' brief.

6

If we conclude that the complaint does not state a cause of action, we decide whether there is a reasonable possibility that the complaint could be amended to cure the defects. (*Schifando*, *supra*, 31 Cal.4th at p. 1081.) The issue of amendment may be raised for the first time on appeal. (Code. Civ. Proc., § 472c, subd. (a).) The plaintiff bears the burden to show what facts could be pleaded to cure the defects in the complaint if allowed the opportunity to amend, and meets that burden on appeal by enumerating the additional facts to be alleged and demonstrating how those facts establish a cause of action. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890 (*Cantu*).)

B.     *Analysis*

The gravamen of plaintiffs' Complaint is that the 2011 assignment of the DOT was void. But, as the trial court recognized, plaintiffs failed to show that they had standing to challenge the assignment or the documents that followed from it, which affect them only because they seek to preemptively challenge a nonjudicial foreclosure. (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814-815 (*Saterbak*).) "California courts do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.' " (*Id.* at p. 814, quoting *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 513, which was disapproved on other grounds in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939, fn. 13.)

Plaintiffs contend that *Saterbak* is "illogical and wrongly decided." Rather than argue the point, however, they provide a string of citations to what they call "exceptional decisions," without any discussion of those cases, followed by a block quotation from *Lundy v. Selene Finance, L.P.* (N.D.Cal. Mar. 17, 2016) 2016 WL 1059423 (*Lundy*), an unpublished federal district

court order that takes no account of *Saterbak*, which is not surprising since the order was signed just one day after *Saterbak* was filed.[5] Plaintiffs also quote at length from a post-*Saterbak* unpublished federal district court order, *Gilliam v. Bank of America, N.A.* (C.D.Cal. June 22, 2018) 2018 WL 6537160 (*Gilliam*), which relied on *Lundy* in denying part of a motion to dismiss. Plaintiffs neglect to note the subsequent history of *Gilliam*: in later unpublished orders, the court reversed its ruling on the motion to dismiss in light of *Saterbak* (*Gilliam v. Bank of America, N.A.* (C.D.Cal. Dec. 14, 2018) 2018 WL 6713272, at *5-6) and granted a motion brought by other defendants for summary judgment on the grounds that under *Saterbak*, "[p]laintiffs' claims based on pre-foreclosure challenges relating to assignments of their deed of trust fail as a matter of law for lack of standing." (*Gilliam v. Bank of America, N.A.* (C.D. Cal. Feb. 20, 2019) 2019 WL 1063399, at *5.)

Accordingly, we find plaintiffs' discussion of the standing issue unpersuasive. It is plaintiffs' burden to demonstrate standing (*Saterbak*, *supra*, 245 Cal.App.4th at pp. 813-815), and in light of their failure to do so, we need not reach their other arguments regarding the propriety of the trial court's sustaining the demurrer.

---

[5] The same string of case citations and the quotation from *Lundy* are also found in *Wyman v. First American Title Insurance Co.* (N.D. Cal. Feb. 8, 2017) 2017 WL 512869, at *3-4 (*Wyman*), an unpublished case in which homeowners sought to challenge a bank's right to foreclose on their property. We point this out because in *Wyman*, the citations and quotation are preceded by a paragraph that analyzes *Saterbak* and notes that "[w]ith the exception of four decisions, every decision by our court of appeals and district courts in our circuit has . . . [adopted] *Saterbak* and its progeny," followed by text noting that "the prevailing trend of decisional law (and two decisions by the California Court of Appeal on point) suggest that our plaintiffs cannot pursue a pre-foreclosure suit." (*Id.* at * 4.)

We turn now to plaintiffs' position that they should be given leave to amend the Complaint. In their opening brief on appeal, plaintiffs represent that they have entered into a loan modification that brings them current on their loan, and they contend that the Complaint "could be amended to allege the loan modification and its particulars." But plaintiffs do not meet their burden to explain how the loan modification would cure the lack of standing that doomed their Complaint. (*Cantu*, *supra*, 4 Cal.App.4th at p. 890.) In their reply brief on appeal, plaintiffs argue for the first time that they can amend their Complaint by alleging facts about the purported assignment of the DOT to U.S. Bank. Plaintiffs have forfeited this argument by failing to raise it until their reply brief (*Cold Creek Compost, Inc. v. State Farm Fire & Casualty Co.* (2007) 156 Cal.App.4th 1469, 1486). Even if we considered the argument, we would reject it because plaintiffs fail to show how any facts concerning an assignment to U.S. Bank would cure their lack of standing. In sum, plaintiffs fail to show that the trial court erred in denying them leave to amend the Complaint.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

_____

Miller, J.

WE CONCUR:

_____

Kline, P.J.

_____

Richman, J.

A157649, *Inoue et al. v. Bank of America et al.*

10