Filed 4/1/25  Gutlin v. U.S. Bank, National Assn. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| GELENA GUTLIN,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION, as Legal Title Trustee for Truman 2061 SC6 Title Trust, et al.,<br><br>     Defendants and Respondents. | B326442<br><br>(Los Angeles County Super. Ct. No. 21STCV32101) |

Appeal from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Burgee & Abramoff and John G. Burgee for Plaintiff and Appellant.

Houser, Eric D. Houser and Timothy A. Schneider for Defendants and Respondents U.S. Bank National Association, as Legal Title Trustee for Truman 2061 SC6 Title Trust, Rushmore Loan Management Services LLC, and Attorney Lender Services, Inc.

Frandzel Robins Bloom & Csato, Marshall J. August, and Hal D. Goldflam for Defendants and Respondents Southside Neighborhood Stabilization 2021-7 and Southside Community Development and Housing Association.

_____

In 2002, Gelena Gutlin and her long term partner, Leon Fingerhut, purchased a single family residence. Fingerhut took out a $1.2 million loan secured by the property to enable the purchase. The documents prepared in connection with the transaction identify Fingerhut as the sole borrower and Gutlin as a nonborrower trustor of the property.

Fingerhut defaulted on the loan, and in August 2021, foreclosure trustee Attorney Lender Services, Inc. (ALS) conducted a nonjudicial foreclosure sale of the property. Because the party who purchased the property was not a prospective owner-occupant, pursuant to Civil Code section 2924m,[1] ALS permitted eligible persons and entities to submit further bids. Southside Neighborhood Stabilization 2021-7 LP submitted a successful section 2924m bid. It paid approximately $1.8 million for the property.

Gutlin sued Southside Neighborhood Stabilization 2021-7 LP and its general partner, Southside Community Development & Housing Corporation (collectively, Southside), challenging the sale on the ground that Southside had fraudulently misrepresented its status as an eligible bidder under section 2924m. She alleged further that ALS had improperly rejected her attempt to submit her own section 2924m bid for

_____

[1] Unspecified statutory references are to the version of the Civil Code in effect in 2021.

2

the property, and named as additional defendants ALS, legal title trustee U.S. Bank, National Association (U.S. Bank), and loan servicer Rushmore Loan Management Services LLC (Rushmore) (collectively, the U.S. Bank respondents).

Following an initial round of demurrers, Gutlin filed a second amended complaint (SAC). Southside again demurred, as did the U.S. Bank respondents in a separate filing. After holding a hearing on Southside's demurrer, the trial court issued a minute order dismissing the entirety of the SAC (including the claims against the U.S. Bank respondents) with prejudice. The court then vacated the hearing on the still-pending demurrer filed by the U.S. Bank respondents and entered judgment against Gutlin.

Gutlin now asks us to reverse the judgment, arguing the trial court erred in dismissing the SAC with prejudice. Alternatively, Gutlin contends that, at a minimum, we must reverse the judgment as to the U.S. Bank respondents because the court failed to hold a hearing on their separately filed demurrer.

We conclude, however, that Gutlin's status as a nonborrower trustor rendered her ineligible to submit a section 2924m bid for the property. As a result, she lacks standing to challenge Southside's successful acquisition of the property pursuant to section 2924m, and the trial court properly dismissed the SAC without leave to amend. We conclude further that Gutlin demonstrates no prejudice resulting from the court's failure to hold a hearing on the U.S. Bank respondents' separately filed demurrer.

Accordingly, we affirm.

3

# FACTUAL SUMMARY AND PROCEDURAL HISTORY[2]

Gutlin and Fingerhut purchased the single family residence located at 2096 Ridge Point Drive in Los Angeles in 2002.  To enable the purchase, Fingerhut—as the sole borrower—obtained a $1.2 million loan from Washington Mutual Bank, FA (Washington Mutual) secured by the property.  Fingerhut refinanced the loan in 2004.  Washington Mutual later assigned the loan to JP Morgan Chase Bank, National Association (Chase).

Although Gutlin did not execute the promissory note for the loan, the operative deed of trust and an accompanying rider—both of which Gutlin signed—identify her as a nonborrower trustor.  Gutlin contends the deed of trust erroneously states that she and Fingerhut hold title to the property as "husband and wife" (she contends Fingerhut merely is her "long term partner," rather than her spouse), but nonetheless claims she possesses a 50 percent ownership interest in the property.

On November 13, 2018, Chase declared the loan to be in default.  Chase, however, took no immediate steps to foreclose on the property and assigned Fingerhut's loan to U.S. Bank.  On August 3, 2021, at the direction of U.S. Bank and Rushmore, ALS conducted a nonjudicial foreclosure sale of the property.  The amount of unpaid debt in connection with the property at that time was $1,781,882.92.  The highest bidder at the sale was not a prospective owner-occupant.

---

[2] We summarize here only the facts and procedural history relevant to our resolution of this appeal.  Because in reviewing an order sustaining a demurrer, we must assume the truth of the properly pleaded factual allegations in the operative pleading (see *Doan v. State Farm General Ins. Co.* (2011) 195 Cal.App.4th 1082, 1087–1091 (*Doan*)), we draw our summary primarily from the SAC.

Section 2924m authorizes prospective owner-occupants to trump the highest bid at a foreclosure sale if the winning bidder was not a prospective owner-occupant. (See § 2924m.) "The stated policy purpose of these contingent overbid rights is to promote owner-occupancy of residences that otherwise would become rentals." (*In re Spikes* (2024) 662 B.R. 704, 709.) A "mortgagor or trustor" of a property does not qualify as an eligible bidder for purposes of the statute. (§ 2924m, subd. (a)(2)(C); see *id.*, subd. (a)(3).)

Because the highest bidder at the August 3, 2021 foreclosure sale was not a prospective owner-occupant, Gutlin submitted to ALS a notice of her intent to place a bid pursuant to section 2924m. Gutlin contends that ALS "wrongfully rejected" her notice because it mistakenly concluded that "she was on title to the [p]roperty as the spouse of . . . Fingerhut." ALS instead accepted a section 2924m bid of approximately $1.8 million from Southside, an entity purportedly affiliated with a nonprofit organization devoted to promoting affordable housing.

Gutlin filed an initial complaint against the U.S. Bank respondents alleging, inter alia, that ALS had wrongfully rejected her notice of intent to submit a section 2924m bid. She then filed a first amended complaint naming Southside as an additional defendant and asserting claims for (1) quiet title, (2) cancellation of instruments, (3) reformation of deed of trust, (4) wrongful foreclosure, (5) slander of title, (6) declaratory and injunctive

5

relief, (7) unfair business practices, (8) fraud, and (9) negligent misrepresentation.[3]

The gravamen of Gutlin's claims is that Southside misrepresented its status as an entity qualified to submit a section 2924m bid as part of a fraudulent "scheme to purchase the [p]roperty far below market value in order to generate huge profits" for private investors. Gutlin contends the foreclosure sale of the property to Southside therefore was improper and must be rescinded. She contends further that she is an eligible bidder pursuant to section 2924m, and that ALS therefore should have permitted her to place a bid on the property. She seeks, among other remedies, compensatory damages and "a preliminary injunction enjoining [respondents] from encumbering, hypothecating, transferring, and/or selling the [p]roperty."

The U.S. Bank respondents jointly demurred to the first amended complaint, and Southside filed its own separate demurrer challenging Gutlin's claims. The trial court sustained both demurrers with leave to amend, concluding that Gutlin had "provide[d] no proper substantiating proof, pleading or persuasive argument that Southside is not a bona fide purchaser"; that her other allegations concerning "irregularities regarding compliance with . . . section 2924m . . . [were] conclusory and without pleading or evidentiary support"; that Gutlin had "fail[ed] to plead specific factual allegations of wrongdoing against" the U.S. Bank respondents; and that "judicially noticeable documents submitted in support of the demurrers show that [Gutlin] is

---

[3] Gutlin later substituted Fingerhut for one of the Doe defendants named in the first amended complaint, but did not add any allegations describing Fingerhut's alleged wrongdoing.

either or both a mortgagor and/or married to the mortgagor" and thus not an eligible bidder pursuant to section 2924m.

Gutlin then filed the SAC, which names the same defendants and asserts the same nine causes of action alleged in the first amended complaint. The defendants again demurred. Southside filed its demurrer earlier than did the U.S. Bank respondents. The trial court heard Southside's demurrer before briefing on the demurrer filed by the U.S. Bank respondents was complete.

Following the hearing on Southside's demurrer, the court took the matter under submission. In a subsequent written order, the court sustained Southside's demurrer, explaining that, "[d]espite the opportunity to amend her complaint by correcting the pleading deficiencies previously noted by . . . the [c]ourt, [Gutlin] does not allege adequate factual allegations to allege the putative causes of action." The court dismissed with prejudice the entirety of the SAC,[4] including Gutlin's claims against the U.S. Bank respondents, and vacated the scheduled hearing on the U.S. Bank respondents' still-pending demurrer.

Gutlin timely appealed.[5]

---

[4] Although the minute order states that Southside's demurrer to the SAC is "sustained without leave to amend," the order also states that the SAC is "dismissed without prejudice." We do not address this apparent discrepancy further because (1) the parties agree the court dismissed the action with prejudice, and (2) as we discuss, *post*, we conclude the court did not abuse its discretion in doing so.

[5] We construe Gutlin's premature notice of appeal from the minute order dismissing the SAC as taken from the subsequent appealable judgment. (See Cal. Rules of Court, rule 8.308(c) ["the reviewing court may treat the notice as filed immediately after the rendition of judgment"].)

## DISCUSSION

### A. *Standard of Review*

We review a trial court's decision sustaining a demurrer de novo. (*Walgreen Co. v. City and County of San Francisco* (2010) 185 Cal.App.4th 424, 433.) We assume the truth of the properly pleaded factual allegations in the operative complaint and, based on those allegations, determine whether a valid cause of action is stated under any legal theory. (See *Doan, supra*, 195 Cal.App.4th at pp. 1087–1091.) We review the court's decision to deny leave to amend for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)

### B. *The Trial Court Properly Dismissed Gutlin's Claims with Prejudice*

The respondents contend that the claims in the SAC all hinge on Gutlin's assertion that Southside fraudulently purchased the property by misrepresenting itself as an eligible section 2924m bidder. Gutlin agrees that her claims are "*not* based upon a mere irregularity in the non-judicial foreclosure sale. Rather, the challeng[e] to the foreclosure is based upon the wholesale violation of . . . [s]ection 2924m and attendant fraud." The respondents contend further that, as a nonborrower trustor of the property, Gutlin was ineligible to submit a competing section 2924m bid and therefore lacks standing to challenge the sale to Southside. We agree.

" 'Standing is a threshold issue' " and " 'goes to the existence of a cause of action.' " (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 813–814.) " ' " "To have standing, a party must be beneficially interested in the controversy; that is, he or she [or it] must have "some special interest to be served or some particular right to be preserved

8

or protected over and above the interest held in common with the public at large." [Citation.] The party must be able to demonstrate that he or she has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical.' " ' [Citations.]" (*MTC Financial Inc. v. California Dept. of Tax & Fee Administration* (2019) 41 Cal.App.5th 742, 747.)

Gutlin contends that she has an interest in challenging the sale to Southside because Southside's fraudulent section 2924m bid prevented her from acquiring the property. This argument fails, however, because Gutlin was not eligible to submit a competing bid under section 2924m.

Section 2924m provides that an eligible bidder "[i]s not the mortgagor or trustor, or the child, spouse, or parent of the mortgagor or trustor." (§ 2924m, subd. (a)(2)(C); see *id.*, subd. (a)(3).) Gutlin insists that the allegations in the SAC disputing that she was the spouse of the mortgagor, Fingerhut, precluded the trial court from determining at the demurrer stage that she was not an eligible bidder. Section 2924m, however, prohibits not only the spouse of the mortgagor, but any "trustor" of the property from submitting a bid. (§ 2924m, subd. (a)(2)(C).) And Gutlin signed both the operative deed of trust (incorporated by reference into the SAC and an accompanying rider (referenced in the deed of trust—in her capacity as a "non-borrower trustor." Indeed, the word "trustor" appears immediately above Gutlin's signature on the rider. These documents demonstrate Gutlin's ineligibility to bid on the property pursuant to section 2924m. (*Performance Plastering v. Richmond American Homes of California, Inc.* (2007) 153 Cal.App.4th 659, 665 [In reviewing an order sustaining a demurrer, the appellate court "consider[s] matters shown in exhibits attached to the complaint and

9

incorporated by reference. [Citation.] '[T]o the extent the factual allegations conflict with the content of the exhibits to the complaint, [the appellate court] rel[ies] on and accept[s] as true the contents of the exhibits"].)

Gutlin urges us to ignore the "trustor" language in the deed of trust and rider, arguing that (1) we cannot take judicial notice of the truth of their contents, and (2) "declarations on file with the [c]ourt in this action confirm that [her] signature was in fact obtained by fraud or mistake, as the documents were not properly explained to her and her English was limited at the time."

But we may take judicial notice of Gutlin's identity as a trustor under the deed of trust and rider because her "status [is] not a matter of fact existing apart from the document[s] [themselves]." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 266, disapproved on other grounds in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939, fn. 13 (*Yvanova*).) And because the "declarations" Gutlin references[6] are neither attached to nor referenced in the SAC, they are beyond the scope of our review here.

We therefore conclude that Gutlin was ineligible to submit a section 2924m bid for the property and thus lacks standing to pursue her claims, which challenge Southside's winning 2924m bid. As a result, the trial court properly dismissed Gutlin's SAC. In addition, because Gutlin fails to identify any facts she could allege in an amended pleading to demonstrate her eligibility to submit a section 2924m bid, we conclude the trial court acted

---

[6] Gutlin filed the declarations in connection with her motion to consolidate this action with Southside's separate unlawful detainer action against Fingerhut. (See *Southside Neighborhood Stabilization 2021-7, LP v. Fingerhut*, Super. Ct. L.A. County, No. 22SMUD00173.)

10

within its discretion in dismissing her claims with prejudice. (See *Blank, supra,* 39 Cal.3d at p. 318.)

None of Gutlin's remaining arguments persuades us otherwise. First, Gutlin argues that we should not affirm the judgment on standing grounds because "[t]he trial court did not make a finding regarding standing." (Boldface & capitalization omitted.) This argument fails, because Southside's demurrer to the SAC challenged Gutlin's standing to pursue her claims, and "[a]n order sustaining a demurrer without leave to amend may be affirmed on any ground stated in the demurrer, even if the trial court did not act on that ground." (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2019) 42 Cal.App.5th 918, 934.) We note further that, although the trial court's order sustaining the demurrer does not discuss standing expressly, it does include a finding that Gutlin was not an eligible section 2924m bidder and thus resolves the key factual issue underlying the parties' dispute over standing.

Second, Gutlin insists that—even if she cannot demonstrate standing as a competing section 2924m bidder—agency principles permit her as a trustor to bring a fraud claim against Southside based on its purported misrepresentations to ALS, the foreclosure trustee, which she contends functioned as her agent. (See *Roberts v. Salot* (1958) 166 Cal.App.2d 294, 300 ["[a] fraud worked upon [a plaintiff's agent] by misrepresentation or by silence was worked upon [the plaintiff] and [the plaintiff] has a right of action for redress"]; *Yvanova, supra,* 62 Cal.4th at p. 927 ["[t]he trustee of a deed of trust is not a true trustee with fiduciary obligations, but acts merely as an agent for the borrower-trustor and lender-beneficiary"].)

11

Assuming for purposes of argument that agency principles would permit Gutlin to bring a fraud claim against Southside,[7] Gutlin has failed to allege the requisite injury for such a claim. " ' " 'In an action for [common law] fraud, damage is an essential element of the cause of action.' [Citation.] . . . [Citation.] . . . 'If the existence—and not the amount—of damages alleged in a fraud pleading is "too remote, speculative or uncertain," then the pleading cannot state a claim for relief.' [Citations.]" ' " (*Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1064.)

Gutlin posits two theories of injury she allegedly suffered that do not depend on her ability to submit a section 2924m bid for the property. Gutlin's first theory is that, absent Southside's fraud, some other entity willing to aid her in retaining title to her home might have acquired the property:

"The fact is that it is unknown what would have happened if Southside . . . did not wrongfully participate in the preferential bidding. [The property] may have been acquired by the bank which might have been willing to sell it to [Gutlin]; or possibly it could have been acquired by [a] non-profit organization which was willing to help [Gutlin] remain in her home."

As Gutlin concedes, however, it is "unknown" whether this would have occurred absent Southside's purchase of the property. This theory of injury therefore is impermissibly speculative.

Gutlin's second theory is that she "has injury as a California homeowner" because "all would-be California home purchasers are injured by the cost increase of home ownership caused by the subterfuge perpetrated by Southside." Gutlin, however, cites no authority that such a remote, speculative form of injury can support a fraud claim. (Cf. *Beckwith*, *supra*, 205

---

[7] We need not, and do not, decide this issue.

12

Cal.App.4th at pp. 1064–1065.) We therefore conclude that Gutlin has failed to state a claim for fraud against Southside.[8]

Third, and finally, Gutlin argues that because the trial court failed to hold a hearing on the demurrer to the SAC filed by the U.S. Bank respondents before dismissing the action, we must reverse the judgment with respect to those parties. Gutlin, however, demonstrates no prejudice from the court's purported error in failing to hold the hearing. (See *Champir LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597 [appellant must affirmatively demonstrate both error and prejudice].) Southside argued in its demurrer that Gutlin's lack of standing defeated the SAC in its entirety; the trial court held a hearing on Southside's demurrer; and Gutlin does not argue that the court's failure to conduct a hearing on the U.S. Bank respondents' demurrer deprived her of the ability to litigate

___

[8] The speculative nature of Gutlin's purported injury also is fatal to Gutlin's argument on reply that, under *Yvanova*, she has standing to sue ALS for wrongful foreclosure, irrespective of her ineligibility to submit a section 2924m bid for the property. *Yvanova* stands for the "narrow" proposition that a homeowner sustains "injury" for standing purposes where the foreclosing trustee lacks legal authority to order a foreclosure. (*Yvanova*, *supra*, 62 Cal.4th at pp. 942–943.) Even assuming *Yvanova* supports Gutlin's claim of standing (an issue we do not decide), the *Yvanova* court stated expressly that its holding is "concerned only with prejudice in the sense of an injury sufficiently concrete and personal to provide standing, not with prejudice as a possible element of the wrongful foreclosure tort." (*Id.* at p. 937.) Gutlin thus still must allege injury sufficient to establish the prejudice element of her wrongful foreclosure claim, and as set forth, *ante*, she has failed to identify any nonspeculative injury resulting from Southside's purchase of the property.

13

standing-related arguments unique to those respondents.  Gutlin therefore fails to demonstrate reversible error.

Accordingly, we conclude the trial court properly dismissed Gutlin's SAC with prejudice.[9]

## DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

WEINGART, J.

M. KIM, J.

---

[9] In light of our conclusion, we need not address the parties' remaining disputes, including (1) whether certain presumptions purportedly created by recitals in the trustee's deed defeat Gutlin's claims, (2) whether Gutlin adequately alleged various elements of her claims, (3) whether section 2924m confers a private right of action, and (4) whether Gutlin was required to allege tender of the loan balance to challenge the sale to Southside.